UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TALK FUSION, INC.,

       Plaintiff,

v.                                                                    Case No: 8:16-cv-1616-T-30JSS

NANCY BURLING and ANDREW
BURLING,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Continuing Writ of Garnishment ("Motion"). (Dkt. 37.) On May 25, 2017, a hearing was held on the Motion at which the Court heard Plaintiff's counsel's argument. After the hearing, Plaintiff submitted a supplemental brief in support of its request for a continuing writ of garnishment. (Dkt. 41.) For the reasons that follow, it is recommended that the Motion be denied.

## BACKGROUND

On July 14, 2016, the Court entered an order granting Plaintiff's request for a permanent injunction against Defendants based on the parties' agreed motion and stipulation to entry of a permanent injunction ("Injunction Order"). (Dkt. 21.) Upon Plaintiff's motion, and after an evidentiary hearing (Dkts. 23–25, 27, 31, 32), the Court entered an order holding Defendant Nancy Burling in civil contempt for her violations of the Injunction Order and imposing the following sanctions against Ms. Burling: pay Plaintiff its attorneys' fees incurred in prosecuting the violations, totaling $10,861.50; disgorge any commissions or other money earned from her violations; and pay Plaintiff a coercive fine of $3,500 ("Contempt Order"). (Dkt. 33.) The Court

ordered Ms. Burling to make these payments to Plaintiff within fourteen days of the Contempt Order's entry. (Dkt. 33.)

Plaintiff states that Ms. Burling has not complied with the Contempt Order and, thus far, has paid Plaintiff $400. (Dkt. 37 ¶¶ 10–11.) Therefore, Ms. Burling still owes Plaintiff $13,961.50 under the Contempt Order. (*Id.*) Plaintiff contends that Ms. Burling earns a weekly commission from Jeunesse Global Holdings, LLC ("Jeunesse"), for whom she acts as a distributor. (Dkt. 37 ¶ 12.) Plaintiff contends that Ms. Burling and her husband Andrew Burling formed Global Connect, LLC ("Global Connect"), to operate as Jeunesse's distributors and to receive their commission payments from Jeunesse. (Dkt. 37 ¶¶ 12–13.) In the Motion, Plaintiff seeks a continuing writ of garnishment for all commission payments Jeunesse owes to Ms. Burling and/or Global Connect pursuant to Federal Rule of Civil Procedure 64. (Dkt. 37 ¶ 14.) Plaintiff argues that because the Contempt Order is a final judgment, it may pursue all collection mechanisms available for collecting a final judgment. (Dkt. 37 at 3–4.) In the supplemental filing, however, Plaintiff seeks the continuing writ of garnishment pursuant to the Court's inherent authority. (Dkt. 41.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Rule 64 is a prejudgment remedy for seizing property to "secure the *anticipated* money judgment the party ultimately expects to recover." *Garel & Jacobs, P.A. v. Wick*, 683 So. 2d 184, 186 (Fla. 3d DCA 1996) (emphasis added); *see Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1530 (11th Cir. 1994) ("Rule 64 of the Federal Rules of Civil Procedure authorizes the prejudgment attachment of property for the benefit of a plaintiff in certain situations and

provides the proper vehicle for plaintiffs seeking to restrain a defendant's assets with an eye towards satisfying a potential money judgment.").

Plaintiff moves under Rule 64, the rule governing *prejudgment* remedies, but argues that the Contempt Order is a *final* judgment, and therefore it may pursue all collection mechanisms available for collecting on a final judgment. (Dkt. 37 at 3–4.) While Rule 64 "sets forth the available pre-judgment remedies for securing satisfaction of a judgment, Rule 69 sets forth the available post-judgment remedies to satisfy a judgment." *Papadopoulos v. Sidi*, 547 F. Supp. 2d 1262, 1267 (S.D. Fla. 2008). Rule 69 provides that "[a] money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1); *see Ziino v. Baker*, 613 F.3d 1326, 1328 (11th Cir. 2010) ("[I]n terms of a judgment subject to execution, a 'money judgment' must exist.").

Pursuant to Rule 69, the procedure for execution must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(1). In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. § 77.01, Fla. Stat. "[I]f salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order." *Id.* § 77.0305. Therefore, under Florida law, continuing writs may be issued to satisfy a judgment. *Pineiro v. Am. Exp. Card Servs. Co.*, 105 So. 3d 614, 616 (Fla. 4th DCA 2013) ("Reading sections 77.01, 77.03, and 77.0305 together, it is apparent that, for a post-judgment garnishment, the total amount sought to be garnished must be contained in a judgment that exists prior to the issuance of the writ.").

Plaintiff has not cited, and the Court has not located, authority holding that an order like the Contempt Order is a money judgment within the meaning of Rule 69 such that it may be

enforced by the writ Plaintiff seeks. *See Communication Center, Inc. v. Komatsu*, No. 605CV-1254-ORL-31UAM, 2008 WL 114920 (M.D. Fla. Jan. 8, 2008) (issuing a writ of garnishment to satisfy a judgment and post-judgment interest but declining to issue the writ as to attorneys' fees that were imposed to compensate the plaintiff for its fees in bringing a motion to hold the defendant in contempt, reasoning that there was no authority upon which the court could issue a writ of garnishment as to "fees awarded by the Court that are in the nature of sanctions and are not reduced to a judgment").

In supplemental briefing and at the hearing, Plaintiff clarified that it is seeking the garnishment pursuant to the Court's inherent authority. The Supreme Court recognizes that courts are imbued with certain inherent powers to "achieve orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotations omitted) (recognizing that courts have the inherent powers "to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates"). Among these inherent powers is the power to punish for contempt of court orders. *Id.* at 44; *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

## ANALYSIS

Initially, Plaintiff argued that it is entitled to a writ of garnishment under the rules governing remedies for securing potential judgments (Rule 64) or satisfying money judgments (Rule 69). At the hearing, however, Plaintiff's counsel clarified that moving for the continuing writ of garnishment under Rule 64 or Rule 69 was not the appropriate mechanism because the Contempt Order is not a potential judgment or a money judgment. Instead, Plaintiff asks the Court to issue the continuing writ of garnishment pursuant to the Court's inherent authority to enforce the Contempt Order. (Dkt. 41.) Therefore, Plaintiff argues, the Court is "not constrained by

Federal Rule of Civil Procedure 64 or the Florida Statutes regarding garnishment." (Dkt. 41 at 1, n.1).

Courts have inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani*, 384 U.S. at 370. However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion," a primary aspect of which is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44–45; *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) ("Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion."). The Eleventh Circuit has recognized that while federal courts have inherent authority "to issue orders necessary to facilitate activity authorized by statute or rule," they "may not take action under the guise of its inherent power when that action either contravenes a statute or rule or unnecessarily enlarges the court's authority." *In re Novak*, 932 F.2d 1397, 1406, n.17 (11th Cir. 1991).

In its supplemental briefing, Plaintiff has not cited support for its request that the Court use its inherent authority to sanction Ms. Burling by issuing a continuous writ of garnishment of her commissions when neither Rule 64 nor Rule 69 provide for the issuance of a writ. Instead, Plaintiff asks the Court to exceed the bounds of Rules 64 and 69, as well as the bounds of the Florida Statutes governing continuing writs. (Dkt. 41 at 2.) Specifically, Florida law provides that continuing writs of garnishment may be issued on a judgment debtor's employer to satisfy a judgment. § 77.0305, Fla. Stat. Plaintiff, however, acknowledges that the Contempt Order is not a judgment and that Jeunesse is not Ms. Burling's employer because she is an independent contractor. (Dkt. 41 at 2.) Because Plaintiff has not established that the Court's use of its inherent authority in this manner is authorized and warranted, and federal courts may only invoke their "inherent power when *necessary* to protect [their] ability to function," *Novak*, 932 F.2d at 1406

(emphasis in original), it is recommended that Plaintiff's request for a continuing writ of garnishment be denied.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Continuing Writ of Garnishment (Dkt. 37) be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida, on June 23, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James S. Moody, Jr.
Counsel of Record
Unrepresented Party
    Nancy Burling
    7703 North Kidds Road
    Hayward, WI 54843